IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHELE JOSEPH, individually,<br><br>Plaintiff,<br>v.<br><br>PROPERTY RESERVE, INC., a Utah Corporation, and CITY CREEK RESERVE, INC., a Utah Corporation.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-262-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Michele Joseph moves the court to compel Defendants to produce their expert's report.[1] The court will deny the motion.

As noted by Plaintiff, this is an ADA accommodations case, and the role of parties' experts' reports is central to determining the accessibility features of Defendants' hotel. Plaintiff asserts it has been requesting a copy of Defendants' expert's report since September 6, 2023. In response, Defendants note they barely received Plaintiff's final rebuttal report on December 2, 2023, and then served their report on December 4, 2023. Defendants further aver that they need extra time to respond to Plaintiff's requests and hope to resolve this case with Plaintiff before written responses are produced "in an effort to efficiently adjudicate the case."[2]

Under the operative scheduling order, the expert report deadlines are listed as 4/12/24 for parties bearing the burden of proof, with counter reports being due 5/10/24. Those dates have clearly not passed. Thus, Plaintiff's motion is premature at best, and at worst, it is a lazy

---

[1] ECF No. 21. This matter is referred to the undersigned in accordance with 28 U.S.C. §636(b)(1)(A) to hear and determine all nondispositive pretrial matters.

[2] Op. p. 3.

litigation tactic based on a lack of cooperation by Plaintiff's counsel. The Local Rules require at a minimum, "requesting to meet and confer, either in person or by telephone." Plaintiff's motion is woefully lacking in noting a proper meet and confer was held and Defendants allege it was not. A barrage of emails and a phone call where Plaintiff's counsel hung up after he learned Defendants' rebuttal report was not yet complete but would soon be produced, are inadequate efforts to meet Plaintiff's meet and confer obligations. Indeed, this dispute appears to be the epitome of the type of dispute that the meet and confer obligations seek to avoid.[3] It is within the court's discretion to deny a motion to compel for failure to comply with the meet and confer requirements set forth in Rule 37 and the corresponding local rules.[4]

       Plaintiff's Motion is DENIED.

DATED this 12 December 2023.

_____
Dustin B. Pead
United States Magistrate Judge

---

[3] The court notes that it also reviewed Plaintiff's discovery requests. While not weighing in on them at this time, many of them appear to be overbroad using phrases such as "any and all" without any time limitations relative to this suit. Or seeking copies of "all complaints whether formal or informal" without any time limitation.

[4] *See Schulte v. Potter*, 218 F. App'x 703, 709 (10th Cir.2007); *Nunes v. Rushton*, No. 2:14-CV-627, 2015 WL 4921292, at *2 (D. Utah Aug. 18, 2015).