IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHELE JOSEPH, individually,<br><br>Plaintiff,<br><br>v.<br><br>PROPERTY RESERVE, INC., a Utah Corporation, and CITY CREEK RESERVE, INC., a Utah Corporation.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-262-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Second Motion for Short Form Discovery.[1] Plaintiff seeks responses to its interrogatories served on Defendants.[2] Having reviewed the discovery requests and the correspondence between the parties, the court denies the motion.[3]

Plaintiff filed a previous discovery motion that sought Defendants' expert report. This is an ADA accommodations case, and the role of the parties' respective experts is central to resolving the case. The court denied the prior motion noting that under the operative scheduling order, the expert report deadline had not passed. The court also found Plaintiff failed to adequately meet and confer prior to filing the motion.

Since that order, Defendants provided a copy of the expert report Plaintiff was seeking. And commendably, based on the parties' correspondence, it appears the parties have been working on settlement. The correspondence between the parties, however, also indicates that

---

[1] ECF No. 24.

[2] These discovery requests are attached to Plaintiff's motion.

[3] ECF No. 21. This matter is referred to the undersigned in accordance with 28 U.S.C. §636(b)(1)(A) to hear and determine all nondispositive pretrial matters.

those movements toward settlement have been sidetracked somewhat by the outstanding discovery requests. A careful review of the correspondence also undermines Plaintiff's representations of an adequate meet and confer. For example, Plaintiff asserts Defendants' counsel "ignored all of [the] requests" to meet and confer despite multiple emails on multiple occasions. Yet, Defense counsel did respond via email asking Plaintiff's counsel why discovery is necessary if the parties were seeking to resolve this case. In another email, Plaintiff's counsel notes he is out of town and demands a meet and confer date, or a second motion would be filed. Defendants' counsel responded the following day offering to meet and confer. Yet, the current motion was then filed five days later without the offered meet and confer.

The court finds the parties have still yet to meet the spirit and intent of the court's meet and confer requirements. The emails undermine Plaintiff's alleged efforts. The court is willing to order a meet and confer in person between counsel in Salt Lake City, Utah, if there are continued beleaguered efforts.

Setting that issue aside, the court has carefully reviewed the discovery requests. To help the parties move this case forward, the court finds interrogatories 4 and 5, which seek gross and net annual revenue from the subject property and "from all sources", and the total number of assets owned by Defendants, not proportional to the needs of this case. The remedies sought here do not justify such overbroad requests into Defendants' financial resources. Accordingly, under Rule 26 they are DENIED. If a meaningful meet and confer happens concerning the other requests the court will consider whether that discovery should be provided.

Finally, if the parties would like to earnestly pursue settlement, the court is willing to enter an order referring the matter for a settlement conference.

Plaintiff's Motion is therefore DENIED as set forth above.

DATED this 22 January 2024.

_____
Dustin B. Pead
United States Magistrate Judge